UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LAWRENCE BOATWRIGHT**<br>*Plaintiff,*<br><br>v.<br><br>**SC HOME OFFER, LLC, and**<br>**BERKSHIRE PROPERTY**<br>**MANAGERS, INC.**<br>*Defendants.* | )<br>)<br>) CIVIL ACTION NO. 3:21-cv-30071<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Lawrence Boatwright, by and through his attorneys, Robert A. DiTusa, Esq., and Laura D. Mangini, Esq. and sues the Defendants, SC Home Offer, LLC, and Berkshire Property Managers, Inc., and alleges, avers, and states as follows:

### PARTIES

1. The Plaintiff, Lawrence Boatwright, is a natural person and resident of Bronx, New York. At all time referred to in this Complaint, Boatwright was a resident of the State of Massachusetts and the United States of America.

2. The Defendant, SC Home Offer, LLC is a limited liability company with a Registered Agent listed as Daniel D'Ambrosio, 110 Sentinel Court, Simpsonville, South Caroline.

3. The Defendant, Berkshire Property Managers, Inc., is a domestic profit corporation with a Registered Agent listed as Matthew Powers, 429 North Street, Pittsfield, MA 01201.

### JURISDICTION:

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1332 (diversity jurisdiction).

### VENUE

5. This action is properly brought in the Western Division of the United States District Court for the District of Massachusetts under 28 U.S.C. §§1391(b)(1) and (2) because the events at issue in this case arose and transpired in the Western Division of the District of Massachusetts.

## FACTS

6. This is an action for damages in excess of the minimum jurisdictional limits of this Court of $75,000.00, exclusive of interests and costs.

7. At all time relevant to this Complaint, Plaintiff, Lawrence Boatwright, was a tenant of 2 Weller Avenue, Pittsfield, Massachusetts.

8. At all times relevant to this Complaint, Defendant, SC Home Offer, LLC, owned, managed, operated, maintained and/or controlled the subject premises where this incident took place, and where Plaintiff resided, and exercised jurisdiction and control over the functioning of the property.

9. Defendant, SC Home Offer, LLC, held its rental property out to the public, including the Plaintiff, as a safe and secure residential apartment and encouraged members of the public to lease rental units.

10. At all times relevant to this Complaint, Defendant, Berkshire Property Managers, Inc., entered into a contract with Defendant, SC Home Offer, LLC, to serve as the property management company for the rental property located at 2 Weller Avenue, Pittsfield, Massachusetts.

11. At all times relevant to this Complaint, Defendant, Berkshire Property Managers, Inc., operated, managed, maintained, supervised, and/or controlled the premises located at 2 Weller Avenue, Pittsfield, Massachusetts.

12. On or about October 7, 2020, Plaintiff, Lawrence Boatwright, was lawfully in his 2nd Floor Apartment at 2 Weller Avenue, Pittsfield, Massachusetts.

13. In the months prior to October 7, 2020, Plaintiff, Lawrence Boatwright, and his wife, Charest Boatwright, complained on multiple occasions to Defendant, Berkshire Property Managers, Inc., about the condition of the door to the 2nd floor apartment, to wit: that the door would not lock properly and therefore could not be properly secured.

14. On October 7, 2020, at approximately 8:30 A.M., an individual, Stephen Moss, broke into the second floor apartment of 2 Weller Avenue, and viciously attacked Plaintiff, Lawrence Boatwright.

15. Stephen Moss was able to break into the apartment because the door to the 2nd floor apartment could not be properly secured.

## COUNT I
## NEGLIGENCE
### Boatwright v. SC Home Offer, LLC

16. The Plaintiff, Lawrence Boatwright, restates and realleges the statements made in paragraphs 1 through 15 of Plaintiff's Complaint and incorporates them by reference.

17. Defendant, SC Home Offer, LLC, had a duty to the Plaintiff to maintain the premises in a reasonably safe condition.

18. Defendant, SC Home Offer, LLC, had a further non-delegable duty to provide reasonable security measures, to wit: a dwelling unit capable of being secured against unlawful entry and entry doors which were capable of being secured from unlawful entry.

19. Defendant, SC Home Offer, LLC, breached its duties owed to Plaintiff by committing the following negligent acts or omissions, including, but not limited to:

    a. Negligently failed to maintain the premises in a reasonably safe condition in accordance with the Massachusetts Sanitary Code;
    b. Negligently failing to provide a dwelling unit capable of being secured against unlawful entry;
    c. Negligently failing to provide tenants entry doors which were capable of being secured from unlawful entry;
    d. Negligently failed to properly maintain and repair the premises in a reasonable manner which allowed criminals and trespassers to enter the property;
    e. Such other negligent and improper actions as may be discovered in further investigation and pre-trial discovery of this claim.

20. As a direct result of the aforementioned negligence, the Plaintiff sustained serious personal injuries, including but not limited to multiple orbital and maxiofacial fractures; punctured lung, traumatic brain injury, cervical spine injury, spleen laceration, liver laceration, and memory loss.

21. As a proximate result of said injuries, the Plaintiff has incurred and continues to incur medical bills and lost wages, and suffered and continues to suffer impairments to his ability to enjoy life and his usual activities.

WHEREFORE, the Plaintiff, Lawrence Boatwright, prays for judgment against the Defendant, SC Home Offer, LLC, in reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## Boatwright v. SC Home Offer, LLC

22. The Plaintiff, Lawrence Boatwright, restates and realleges the statements made in paragraphs 1-21 of Plaintiff's Complaint and incorporates them by reference.

23. Due to Defendant, SC Home Offer, LLC's negligence, the Plaintiff was caused to sustain emotional distress.

24. A reasonable person would have suffered emotional distress under the circumstances in which the Plaintiff suffered emotional distress.

25. As a result of the emotional distress, the Plaintiff has undergone medical treatment and incurred medical expenses.

WHEREFORE, the Plaintiff, Lawrence Boatwright prays for judgment against the Defendant, SC Home Offer, LLC, in reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

## COUNT III
## NEGLIGENCE
## Boatwright v. Berkshire Property Managers, Inc.

26. The Plaintiff, Lawrence Boatwright, restates and realleges the statements made in paragraphs 1 through 25 of Plaintiff's Complaint and incorporates them by reference.

27. Defendant, Berkshire Property Managers, Inc., had a duty to the Plaintiff to maintain the premises in a reasonably safe condition.

28. Defendant, Berkshire Property Managers, Inc., had a further duty to provide reasonable security measures, to wit: a dwelling unit capable of being secured against unlawful entry and entry doors which were capable of being secured from unlawful entry.

29. Defendant, Berkshire Property Managers, breached its duties owed to Plaintiff by committing the following negligent acts or omissions, including, but not limited to:

    a. Negligently failed to maintain the premises in a reasonably safe condition in accordance with the Massachusetts Sanitary Code;

    b. Negligently failing to provide a dwelling unit capable of being secured against unlawful entry;

    c. Negligently failing to provide tenants entry doors which were capable of being secured from unlawful entry;

    d. Negligently failed to properly maintain and repair the premises in a reasonable manner which allowed criminals and trespassers to enter the property;

    e. Such other negligent and improper actions as may be discovered in further investigation and pre-trial discovery of this claim.

30. As a direct result of the aforementioned negligence, the Plaintiff sustained serious personal injuries, including but not limited to multiple orbital and maxiofacial fractures; punctured lung, traumatic brain injury, cervical spine injury, spleen laceration, liver laceration, and memory loss.

31. As a proximate result of said injuries, the Plaintiff has incurred and continues to incur medical bills and lost wages, and suffered and continues to suffer impairments to his ability to enjoy life and his usual activities.

WHEREFORE, the Plaintiff, Lawrence Boatwright, prays for judgment against the Defendant, Berkshire Property Managers, Inc., in reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Boatwright v. Berkshire Property Managers, Inc.

32. The Plaintiff, Lawrence Boatwright, restates and realleges the statements made in paragraphs 1-31 of Plaintiff's Complaint and incorporates them by reference.

33. Due to Defendant, Berkshire Property Managers, Inc.'s negligence, the Plaintiff was caused to sustain emotional distress.

34. A reasonable person would have suffered emotional distress under the circumstances in which the Plaintiff suffered emotional distress.

35. As a result of the emotional distress, the Plaintiff has undergone medical treatment and incurred medical expenses.

WHEREFORE, the Plaintiff, Lawrence Boatwright prays for judgment against the Defendant, Berkshire Property Managers, Inc., in reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

a) Award compensatory damages;
b) Award interest and costs of this action to Plaintiff;
c) Award attorneys' fees to Plaintiff; and
d) Award such other relief which this Court deems just and proper

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Dated: 6/21/21

Respectfully Submitted
Lawrence Boatwright
By his attorneys,

/s/ *Laura D. Mangini, Esq.*
Laura D. Mangini, Esq., BBO # 684620
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
(413) 781-0000
(413) 827-0266 Fax
laura@alekmanditusa.com

/s/ *Robert A. DiTusa, Esq.*
Robert A. DiTusa, Esq. BBO# 649218
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
(413) 781-0000
(413) 827-0266 Fax
robert@alekmanditusa.com